UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| W. CHARLES JOHNSON., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   No. 4:12CV2059  HEA |
| | ) |
| MAPLEWOOD-RICHMOND | ) |
| HEIGHTS SCHOOL DISTRICT, | ) |
| | ) |
|    Defendant. | ) |

### **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss, [Doc. No. 5].  For the reasons set forth below, the Motion to Dismiss is granted.

### **Facts and Background**[1]

**The Complaint**

Count One: Employment Discrimination

Plaintiff's Complaint alleges that Plaintiff, an African-American male, claims he was discriminated against due to his race, gender, disability, and was retaliated against by Defendant, his employer.  Plaintiff claims he is physically and emotionally disabled with foot impairments and serious emotional trauma

---

[1] The recitation of facts is taken from the allegations in Plaintiff's Complaint and is set out for the purposes of the pending motion only.  The recitation in no way relieves the parties of necessary proof any stated facts.

problems.

Plaintiff alleges that Defendant's employment discrimination acts include but are not limited to Defendant's failure to take corrective, curative and preventive action after being put on Notice by Plaintiff that harassment was occurring and eventual Termination from Plaintiff's employment on April 11, 2012.  The Complaint further alleges that Plaintiff was the target of long term serial harassment, including race, disability, gender and retaliation harassment by administration, and his supervisor; an Administrator of Defendant both rebuked and reprimanded Plaintiff in front of co-workers and students; Plaintiff had rave reviews less than a year before Defendant fired Plaintiff; Defendant did not comply with any kind of progressive discipline; Defendant intentionally replaced Plaintiff with a white female with less experience than Plaintiff, but paid her more money; Plaintiff's supervisor put some sort of representation of a text message Plaintiff sent to a former co-worker when they were both off duty into Plaintiff's Personnel Jacket without allowing Plaintiff to promptly know or to furnish Plaintiff the rights to confront and cross-examine this entry; Plaintiff's supervisor "got on" other African-American males for work issues which appeared to be beyond their duties with Defendant; Plaintiff's supervisor harassed Plaintiff before he was medically released and fired black males who worked under Plaintiff for alleged reasons that

make no sense; Plaintiff's supervisor fired Plaintiff without taking any progressive discipline, did not charge Plaintiff with anything and did not allow Plaintiff to know any purported grounds. Plaintiff was not allowed to confront or cross-examine whatever was motivating Defendant. Defendant failed to take corrective, curative and preventive action after being put on notice by Plaintiff of all of the above.

Plaintiff alleges he adhered to the Rules listed in Defendant's Employee Handbook, but was fired, nonetheless. Plaintiff alleges that similarly situated employees may have been disciplined but not fired for worse conduct.

Count Two: Denial of Accommodation under the ADA

Plaintiff alleges that he is an individual with disabilities, that he was able to perform the essential functions of his employment but for the adverse employment actions, discrimination and illegal harassment he encountered. He further claims Defendant failed to investigate its own work allegations in order to terminate Plaintiff's employment in violation of the ADA Regulations.

## Discussion

## Rule 12(b)(6) Standard

When ruling on a motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise

more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir.2010); *Zutz v. Nelson,* 601 F.3d 842, 848 (8th Cir. 2010); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the claims are only

conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

**Motion to Dismiss Complaint**

Defendants argue that the Complaint must be dismissed because the Complaint fails to set forth any allegations or facts to support Plaintiff's claim that he was the victim of harassment while employed with Defendant, or that Defendant had notice from Plaintiff of the alleged harassment. Although Plaintiff claims he was discriminated against based on his gender, race, physical and emotional disability and retaliated against Plaintiff, Plaintiff alleges nothing to support these conclusions. Likewise, Defendant argues Plaintiff fails to present any instances of harassment which would support Plaintiff's claim.

Defendant claims Plaintiff was an "at will" employee and therefore, it was not required to follow any progressive discipline procedure. Plaintiff has alleged that he abided by the Employee Handbook, however, Plaintiff fails to allege that

through the Handbook, he was entitled to progressive discipline procedures.

As the Complaint stands, Plaintiff has merely set out the formalistic requirements of his claims. He has failed to provide Defendant with sufficient facts surrounding the claims to allow Defendant to ascertain the basis of Plaintiff's claims. As such, Plaintiff's Complaint fails to satisfy the *Twombly* and *Iqbal* standard.[2]

### Conclusion

Plaintiff's Complaint fails to set forth sufficient allegations to state a claim for relief. Under the standards required, Plaintiff must provide more than conclusions and a formalistic recitation of the elements of his claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 5], is granted.

**IT IS FURTHER ORDERED** that Plaintiff is given 14 days from the date of this Opinion, Memorandum and Order to file an Amended Complaint.

Dated this 26th day of November, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[2] Defendant has submitted an affidavit in support of its position. However, because the motion before court is one for dismissal pursuant to Rule 12(b)(6), the Court will not, at this stage consider this affidavit.